## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

| | |
|---|---|
| PATRICK PIZZELLA, ) <br> ACTING SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT OF LABOR, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLACKJEWEL, LLC, a corporation, BLACKJEWEL ) <br> HOLDINGS, LLC, a corporation, REVELATION ) <br> ENERGY HOLDINGS, LLC, a corporation, ) <br> REVELATION MANAGEMENT CORPORATION, ) <br> a corporation, REVELATION ENERGY, LLC, a ) <br> corporation, DOMINION COAL CORPORATION, a ) <br> corporation, HAROLD KEENE COAL CO., LLC, a ) <br> corporation, VANSANT COAL CORPORATION, a ) <br> corporation, LONE MOUNTAIN PROCESSING, ) <br> LLC, a corporation, POWELL MOUNTAIN ) <br> ENERGY, LLC, a corporation, and CUMBERLAND ) <br> RIVER COAL, LLC, a corporation, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No:  3:19-cv-00667 |

## COMPLAINT

Plaintiff Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Blackjewel, LLC, Blackjewel Holdings, LLC, Revelation Energy Holdings, LLC, Revelation Management Corporation, Revelation Energy, LLC, Dominion Coal Corporation, Harold Keene Coal Co., LLC, Vansant Coal Corporation, Lone Mountain Processing, LLC, Powell Mountain Energy, LLC, and Cumberland River Coal, LLC (collectively, "Defendants") from violating the provisions of Sections 6, 7, and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.      Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendants are, and at all times hereinafter referenced were, corporations with headquarters at 1051 Main Street, Milton, WV 25541, which is within the jurisdiction of this Court. Defendants are in the business of operating surface and underground coal mines, preparation or wash plants, and loadouts or tipples at multiple facilities in Virginia, West Virginia, Kentucky and Wyoming.

3.      Defendants also operated a facility located at 60 Maple Street, Scarbro, West Virginia (Pax Mine).

4.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing security services in the furtherance of the business purposes of Defendants' unified business entity.

5.      At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Specifically, employees handle, sell and otherwise work with coal produced for interstate commerce. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

6.      During the period from June 10, 2019 through July 1, 2019 ("relevant period"), Defendants employed the individuals listed in the attached Schedule A (collectively referred to hereinafter as "employees") at some point during the relevant period.

7.      Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

8.      For example, during the relevant period, Defendants paid employees a pay rate less than the minimum wage. Defendants failed to pay employees any wages for hours worked. Defendants' failure to pay their employees for hours worked violated Sections 6 and 15(a)(2) of the Act.

9.      Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for hours worked over 40 in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

10.      For example, during the relevant period, Defendants failed to compensate their employees who worked over 40 hours in a workweek one and one-half times their regular rate. Defendants failed to pay employees any wages for hours worked over 40 in a workweek. This practice violated Sections 7 and 15(a)(2) of the Act.

3

11.     As a result of the violations alleged above, amounts are owed for hours worked that were paid at rates less than the rate set forth in Sections 6 and 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to the Plaintiff.

12.     During the relevant period, Defendants continually violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6 and 7 of the Act; and

(b)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of June 10, 2019 through at least July 1, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations taking place before June 10, 2019 and continuing after July 1, 2019, and may be owed to certain current and former employees presently unknown to the Secretary

4

for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(d)      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

**U.S. DEPARTMENT OF LABOR**

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah A. Williams
Regional Wage and Hour Counsel

/s/ Ryma Lewis
BY: Ryma Lewis
VA State Bar No. 83322
U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450
T: (202) 693-9369
F: (202) 693-9392
lewis.ryma@dol.gov

**MICHAEL B. STUART**
United States Attorney

/s/ Fred B. Westfall, Jr.
BY: Fred B. Westfall, Jr.
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
T: (304) 345-2200
F: (304) 347-5443
fred.westfall@usdoj.gov

Attorneys for Plaintiff

**SCHEDULE A**

Shawn Abner
Jacob Bailes
Timothy Bass
Edward Bragg
Gary Burgess
Frank Cafego
George Caldwell
Robert C. Childers
Paul Clark
Brandon Cullum
Damon Davis
Josh Evans
Richard Evans
James Foster
Eric Gillispie
Kennard A. Hatcher
Darrell Hodge
Claude Irvin II
Jacob Jones
Dustin Justice
Dana Kizer
Bernard McKinney Jr.
Matthew Mitchem
Elmer Pennington
Brian Permelia
Sean Redden
Timothy D. Runion
Sam Smith
Blake Snodgrass
John Snodgrass
Justin Sparks
Jacob Stover
Matt Thomas
Ronald Tincher
Brandon Young
Nathan Walker
Eugene Woolwine II